**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| **FRANK TRINIDAD,** § | |
| § | |
| Movant, § | |
| § | |
| V. § | **CRIMINAL ACTION NO. V-04-48** |
| § | **CIVIL ACTION NO. V-05-69** |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Frank Trinidad's ("Trinidad") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 30)[1] and the Government's Motion to Dismiss (Dkt. No. 47). The Court held an evidentiary hearing on July 25, 2008. After considering the testimony presented, the parties' arguments, the record and the applicable law, the Court is of the opinion that the Government's Motion to Dismiss should be granted and Trinidad's Motion to Vacate, Set Aside, or Correct Sentence should be denied.

**Factual & Procedural Background**

**A. Criminal Proceedings**

On May 20, 2004, Trinidad was charged in a single-count indictment of having been previously convicted of a felony, knowingly possessing in and affecting commerce [specifically described] firearms in violation of Title 18, U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). Dkt. No. 1. A summary of the facts supporting the indictment is set forth in a previous order of this Court entered on June 16, 2008. Dkt. No. 48. Travis H. Ernst ("Ernst"), a licensed attorney, was appointed to represent Trinidad at all court proceedings. Dkt. No. 42 at 1; Dkt. No. 46, Ex. 1.

---

[1] Citations in this Order refer to Criminal Action No. V-04-48.

On November 1, 2004, Trinidad pleaded guilty pursuant to a written plea agreement. Dkt. No. 22. The plea agreement reveals that Trinidad consented to a sentence at the highest end of the applicable guideline range, which the parties agreed would be 235 months imprisonment in the U.S. Bureau of Prisons ("BOP"). *Id.* In consideration for Trinidad's plea, the District Attorney of Bee County, Texas agreed that he would not prosecute Trinidad for the burglaries occurring in Bee County in March and April of 2004 and/or that were part of the same course of conduct as the federal offenses described above. *Id.*

Accordingly, Trinidad was sentenced to serve 235 months in BOP custody, a term of 5 years supervised release and a special assessment of $100. Dkt. No. 28. Trinidad did not appeal his conviction or sentence.

### B. Trinidad's Section 2255 Motion and the Claims Presented Therein

Trinidad did, however, timely file the present Section 2255 motion (Dkt. No. 30). In his motion, the Court understands Trinidad to argue for relief on the following grounds: (1) Trinidad's counsel was ineffective for his failure to file a notice of appeal after allegedly being requested to do so; (2) Trinidad's guilty plea was forced under threat and thus involuntarily made; (3) Trinidad was maliciously prosecuted by an artificial entity (the United States) incapable of such action and without the authority of law; (4) the United States is merely a legal fiction, cannot sustain an injury and thus failed to state a claim upon which relief can be granted concerning Trinidad's criminal prosecution; (5) the United States lacked jurisdiction to pursue criminal charges against Trinidad; and (6) Trinidad's counsel violated the "'clean hands' doctrine of the Constitution."[2]

---

[2] Subsequent to his initial filing, on February 27, 2006, Trinidad filed a motion to supplement his Section 2255 motion. *See* Dkt. No. 33. The Court will consider the claims raised by both filings.

**C. Trinidad's Ineffective Assistance Claim and the Evidentiary Hearing**

As noted, Trinidad's Section 2255 motion includes a claim of ineffective assistance for failure to file a notice of appeal upon explicit request to do so. In contrast to Trinidad's allegation, the Government offered the affidavit of Ernst. Ernst's statements wholly contradict Trinidad's contention that he asked his attorney to appeal his case. Ernst claims to have informed Trinidad of his right to appeal and the time requirements of filing a notice of appeal. Dkt. No. 46, Ex. 1. Ernst further asserts that Trinidad stated he understood that filing an appeal would void the plea agreement and indicated to Ernst that he did not want to file an appeal. *Id.* Ernst reports he received no communication from Trinidad after his sentencing. *Id.* Ernst's averments are further supported by the record of both Trinidad's rearraignment and sentencing hearing, during which the terms of the plea agreement were discussed and Trinidad entered his plea before the Court. *See* Dkts. No. 42 & 43.

The Court, faced with competing versions of the events in question, the resolution of which would turn on the credibility of the parties, was unable to conclusively determine from the record that Trinidad was not entitled to relief. Accordingly, the Court ordered an evidentiary hearing to be held on July 25, 2008. Dkt. No. 48.

Trinidad was represented at this hearing by Chris Iles ("Iles"). Iles called both Trinidad and Ernst as witnesses, and both men were subject to cross-examination by the Government as well as additional questioning from the Court. The testimony delivered by Trinidad and Ernst essentially parroted that which the previous pleadings revealed: Trinidad claimed he requested his attorney to file a notice of appeal of his behalf and Ernst swore to the contrary.

**Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**Discussion**

**A. Ground 1 - Ineffective Assistance of Counsel**

Trinidad first argues that Ernst's failure to file an appeal based on Trinidad's explicit instruction to do so constituted ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim a movant must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372.

4

The Supreme Court has stated that it is professionally unreasonable for a lawyer to disregard a defendant's specific instructions to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). The Supreme Court has also noted that a defendant who explicitly tells his attorney not to file an appeal cannot later complain that, by following those instructions, his counsel performed deficiently. *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

After hearing the testimony of Trinidad and Ernst at the evidentiary hearing, the Court finds Ernst to be the far more credible witness. The reasons for doubting Trinidad's rendition of events are numerous and the Court sees no need to elaborate on them aside from stating that (1) Trinidad had an obvious motivation for fabricating his tale; (2) his testimony contained significant inconsistencies; and (3) his story, and indeed the posture he assumes in the entirety of his Section 2255 motion, contradict his acknowledged understanding of the plea agreement and its effects as indicated in earlier court proceedings.

Discounting the testimony delivered by Trinidad, and crediting that presented by Ernst, the Court concludes that Ernst properly consulted with Trinidad and that Trinidad expressly indicated that he did not wish to pursue an appeal. Based on these findings, Ernst cannot be held ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. Accordingly, Trinidad is not entitled to an out-of-time appeal and his first ground for relief is denied.

**B. Ground 2 - Trinidad's Claim that he was Forced, Under Threat, to Plead Guilty**

Trinidad baldy asserts that he was "forced under threat" to enter a plea of guilty, his plea was involuntarily entered and thus it was invalid. To be valid, a guilty plea must be voluntary, knowing, and intelligent. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). A plea is voluntary if it

"'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). When determining whether a plea is voluntary, this Court should consider all relevant circumstances and examine whether the conditions for a valid plea have been met. *Id.* at 364-65. The conditions for a valid plea require, among other things, that the defendant have notice of the charges against him, understand the constitutional protections waived and have access to the advice of competent counsel. *Id.* at 365. Federal Rule of Criminal Procedure 11 requires the Court to address defendants in open court and determine that their pleas are voluntary. FED. R. CRIM. P. 11(b)(2).

Trinidad fails to present evidence revealing that he was forced under threat to enter a plea of guilty. Although Trinidad proceeds *pro se*, he is still required to provide sufficient facts in support of his claim for relief. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).

The record, moreover, indicates that the Court put Trinidad on detailed notice of the charges against him. Dkt. No. 42 at 2-15. Indeed, the Court inquired as to whether Trinidad was satisfied with his counsel and the terms of his plea agreement, to which he responded in the affirmative. *Id.* The Court instructed the prosecutor to summarize the terms of the plea agreement and frequently asked Trinidad if he understood the proceedings and consequences of entering a plea of guilty. *Id.* Trinidad replied that he understood the proceedings and the effect of his guilty plea. *Id.* The Court apprised Trinidad of the constitutional protections he would waive by entering a plea of guilty. *Id.* The Court confirmed that Trinidad had access to and aid of counsel and that he had read the

indictment and discussed it with his attorney. *Id.* For a movant to show that his plea was involuntary, he must show either that he did not "understand the nature of the constitutional protections that he was waiving," or that he had "such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). Considering all relevant circumstances, the Court concludes that Trinidad's guilty plea was made voluntarily and not "forced under threat" as he alleges. Trinidad's challenge as such is thus denied.

**C. Grounds 3 through 6 - Challenges to the Validity of Portions of the United States Code and the Court's Jurisdiction**

The arguments Trinidad raises in grounds 3 through 6, when liberally construed from his 28-page "Justification" attached to his initial Section 2255 motion, challenge the validity of the enaction and constitutionality of Title 18 U.S.C. generally and the Court's jurisdiction more particularly. Trinidad appears to contend that Public Law No. 80-772, section 3231 was not properly passed and is thus void. Accordingly, he claims that subsequently-enacted statutes, which rely upon section 3231 for district court jurisdiction, are similarly invalid.

As the Government points out, a similar challenge to Public Law 80-772 (Title 18) and Public Law 80-773 (Title 28) was recently addressed by a district court in the Southern District in *United States v. Juan Rodriguez Martinez*, CA No. C-05-423, 2006 WL 1293261 (S.D. Tex. May 6, 2006). In *Martinez*, the court wrote at some length on the valid enaction and constitutionality of the laws at issue. *Martinez*, 2006 WL 1293261 at *5-6. This Court need not regurgitate the reasoning set forth by Chief Judge Head in *Martinez*, but merely states that, simply put, the challenged laws were properly enacted and this Court is undoubtedly vested with jurisdiction over both Trinidad's criminal action and his current Section 2255 motion. Every Court that has considered such a

jurisdictional challenge has rejected it in its entirety. *See, e.g.*, *Mayfield v. United States*, CA No. 2:04cv402, 2007 WL 1875867 (E.D. Tex. June 27, 2007); *Derleth v. United States*, CA No. L-05-205, 2006 WL 1804618 (S.D. Tex. June 27, 2006); *United States v. Risquet*, 425 F. Supp. 2d 310 (E.D. Pa. 2006). Trinidad's related claims that the United States is a "fictional entity" unable to prosecute a "natural man" such as himself and that his attorney violated the "'clean hands' doctrine of the Constitution" are similarly frivolous and unavailing. Trinidad's contentions are patently without merit and thus warrant neither further comment nor relief.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Trinidad must obtain a certificate of appealability ("COA") before he can appeal this Order dismissing his motion. To obtain a COA, Trinidad must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Trinidad must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Trinidad has not made a substantial showing of the denial of a constitutional right. The issuance of a COA in this action is denied.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss is **GRANTED** and Trinidad's Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside, or Correct Sentence is **DENIED**. A Certificate of Appealability shall not issue.

It is so **ORDERED**.

Signed this 6th day of August, 2008.

*(signature)*
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE